IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMUEL K. LIPARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-0573-CV-W-FJG |
| | ) |
| GENERAL ELECTRIC COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court are plaintiff's Motions to Remand (Docs. # 4, 6) and plaintiff's Motion for a Hearing (Doc. # 8), plaintiff's Motion to Supplement the Record (Doc. # 14) and plaintiff's Motion for Recusal (Doc. # 24).

## I. BACKGROUND

Plaintiff filed his petition in state court on March 22, 2006. Plaintiff named five defendants in his petition: General Electric Company, General Electric Capital Business Asset Funding Corporation, GE Transportation Systems Global Signaling, L.L.C., Heartland Financial and Carpets 'n More. The GE defendants are all out of state residents. Both Heartland Financial and Carpets 'n More are Missouri residents. Plaintiff is also a citizen of the state of Missouri. On April 4, 2006, plaintiff served GE, GE Capital and Heartland Financial. On April 5, 2006, plaintiff served GE Transportation. On April 27, 2006, plaintiff attempted to serve Carpets 'n More, but the summons was returned, non est, apparently because there was no answer.

On May 4, 2006, both the GE defendants and Heartland Financial filed motions to dismiss. On May 25, 2006, the state court granted Heartland Financial's motion to dismiss and denied the GE defendants' motions to dismiss. The GE defendants state

that plaintiff on July 5, 2006 set a Case Scheduling Order without serving Carpets 'n More, and it became apparent to defendants on that date that plaintiff did not intend to pursue his claims against Carpets 'n More. The GE defendants removed the action to federal court on July 17, 2006. On July 19, 2006, plaintiff filed a motion to remand.

In their Suggestions in Opposition to the Motion to Remand, the GE defendants state that "[a]lthough there is no case directly on point, the Case Management Scheduling Order should constitute 'other paper' because it constitutes an act by plaintiff which gives the defendants notice of changed circumstances which now support federal jurisdiction." (Suggestions in Opposition to Motion to Remand, p. 3). The defendants state that Case Management Order sets forth a trial date, mediation date, deadlines for witness and exhibit lists, etc. They argue that all of these dates were set without the resident defendant Carpet 'n More's ability to participate. Thus, given the plaintiff's desire to go forward without Carpets 'n More, it is now clear that the plaintiff no longer intends to include Carpets 'n More in this proceeding.

Plaintiff argues the case should be remanded because the removal was untimely. Plaintiff states that the removal is untimely because the summons issued to Carpets 'n More expired thirty days after it was issued and plaintiff did not seek to renew the summons against this party. The plaintiff also argues that the defendants have waived their right to remove by actively participating in the state court action.

## II. STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the

removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

The defendants argue that although this case was not initially removable, it became so when the plaintiff set a Case Management Order on July 5, 2006. 28 U.S.C. § 1446 (b) states in part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendants state that it was from this Case Management Order that they first realized that the plaintiff did not intend to pursue his claims against Carpets 'n More. In Power v. Norfolk & Western Railway Co., 778 F.Supp. 468 (E.D.Mo. 1991), the Court stated:

> The Supreme Court developed the standard "voluntary-involuntary" rule for evaluating removability in Powers v. Chesapeake & Ohio Ry., 169 U.S. 92, 99-101, 18 S.Ct. 264, 266-67, 42 L.Ed. 673 (1898). The rule requires that a case remain in state court unless a "voluntary" act by the plaintiff brings about such a change in circumstances that makes the suit removable.

3

Id. at 469. The Court also observed that others courts have drawn distinctions between voluntary and involuntary acts.

> Removal has been permitted if the plaintiff amends the complaint to allege the federal jurisdiction amount in controversy . . . or plaintiff dismisses claims against a non-diverse defendant . . . A mutual settlement between the plaintiff and the non-diverse defendant can make a case ripe for removal. . . . However, dismissal of a non-diverse defendant after granting a directed verdict (in his/her favor) or granting a summary judgment motion in favor of the non-diverse defendant (thereby dismissing claims against him/her) is not considered voluntary as to the plaintiff and therefore, does not make the cause removable.

Id. at 469-70 (internal citations omitted).

In Stamm v. American Telephone & Telegraph Co., 129 F.Supp. 719 (W.D.Mo. 1955), the Court considered a case with very similar facts to the instant case. In that case, the summons issued for defendant Tatum, a Missouri resident, was returned unserved and no alias summons was issued for him and he was never served with process. The defendants in that case removed the case arguing that the plaintiff had abandoned his action against Tatum. The Court in that case stated:

> It is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the nonresident defendants who have been served. . . . But what has this plaintiff done that can be said to amount to a voluntary dismissal, abandonment, or discontinuance, of the action as to the defendant, Tatum? All that petitioning defendants point to is that, since the non est return, made January 28, 1953, on the summons issued for defendant Tatum, plaintiff had not, prior to the removal on March 3, 1955, sued out an alias summons for him. I have not been able to find a case holding that this shows, and I do not believe it shows, a voluntary dismissal, abandonment, or other discontinuance, of the action by the plaintiff as to the defendant, Tatum, and, hence, it cannot be said that plaintiff, up to the time of this removal, had voluntarily dismissed, abandoned, or discontinued, the action as to the defendant Tatum.

Id. at 721 (internal citations omitted).

Plaintiff in his Motion for Remand states that he did not file any motion or take

4

any affirmative action to request that the state court issue a Case Management Order. Rather, plaintiff states that this Order was entered by the state court sua sponte. The Court agrees that the issuance of the Case Management Order was not a voluntary action on plaintiff's part, but rather an action taken independently by the Court. The Court in Aydell v. Sterns, 677 F.Supp. 877 (M.D.La. 1988) stated, "[t]he 'voluntary-involuntary rule' is an outgrowth of the generally accepted proposition that plaintiff controls the choice of forum throughout the proceedings. . . . Where plaintiff by his voluntary act has definitely indicated his intention to discontinue the action as to all non-diverse defendants, the case then becomes removable." Id. at 880 (internal citation omitted). The Court does not find that plaintiff took any action which indicated his intention to discontinue the action against the nondiverse defendants. Therefore, the Court finds that this case is not removable. The Court hereby **REMANDS** this case to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** plaintiff's Motion to Remand (Docs. No. 4,6); **GRANTS** plaintiff's Motion to Supplement the Record (Doc. # 14); **DENIES** plaintiff's Motion for a Hearing (Doc. # 8) and **DENIES as MOOT** plaintiff's Motion for Recusal (Doc. # 24).

Date: November 29, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge